487 P.2d 428

Charles L. DUSENBERY, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Alhambra School District No. 68, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 400.

Court of Appeals of Arizona,
Division 1,
Department A.

July 26, 1971.

Rehearing Denied Sept. 21, 1971.

Review Denied Nov. 4, 1971.

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by J. Victor Stoffa, Phoenix, for respondent carrier.

STEVENS, Presiding Judge.

Charles L. Dusenbery, hereinafter referred to as the petitioner, by this proceeding requests that this Court set aside an award of The Industrial Commission. The petitioner urges that the record discloses an absence of the exercise of independent

judgment by the Commission; that the referee's report and the award of the Commission do not set forth findings in sufficient detail; and that the award is contrary to the evidence. This case is decided under the law as it existed prior to 1 January 1969.

On 16 January 1967, shortly before his 55th birthday, the plaintiff fell and sustained injuries in an industrial accident. The thrust of the impact resulting from the fall was in the neck and shoulder area. The petitioner returned to his employment shortly after the incident, returning to his employment upon advice of the attending physician. The initial award allowed medical benefits but no compensation for the reason that the petitioner was not absent from work for more than seven days immediately following the industrial accident. The petitioner sought to reopen the matter and the petition to reopen was denied by an award dated 15 February 1968. Thereafter timely procedures followed.

The file contains numerous medical reports. A hearing was held by one referee on 9 September 1968 at which the petitioner, one additional lay witness, and five doctors testified. For reasons not appearing in the file a second and different referee rendered the referee's report based upon this hearing. The second referee recommended against reopening. The report was vigorously attacked by the petitioner's then counsel and a third referee conducted a hearing on 19 November 1969. This hearing was devoted in large part to legal argument. The third referee also recommended against reopening. Two of his findings use the correct accident date of 16 January 1967 and one erroneously used the date of 16 October 1967 as the accident date. On 10 December 1969 three Commissioners signed a memorandum approving the report of the third referee.

■ The petitioner then substituted counsel engaging the present counsel. An award signed by three Commissioners was entered on 19 December 1969 and that is the award which is before us. The award incorporated the findings of the third referee including the erroneous date of 16 October 1967. It is urged that this is proof that the Commission did not discharge its duties in the matter of its review of the file and that the erroneous date is proof of the absence of the exercise of independent judgment by the Commission. We do not agree. Awards frequently incorporate the referee's findings.

■ It is urged that the second referee was biased and disregarded the evidence. It is urged that his findings were much too broad and therefore would not enable this Court to properly review the file and to determine the basis for his recommendations. While the findings could have been in greater detail we do not agree with either of the contentions just stated. The medical evidence discloses the petitioner to be a man of numerous physical problems including osteoarthritis, osteophytosis, emphysema, bronchitis and asthma. The medical evidence is such that the referee and the Commission had an adequate basis for finding an absence of a causal relationship between the petitioner's physical ailments and the 16 January 1967 industrial accident. In fact, unfortunate as the situation is from the petitioner's point of view, it is difficult to see how a different conclusion could have been reached.

The overall record does not sustain the petitioner's attacks of the record and,

The award is affirmed.

CASE, J., and ROBERT E. McGHEE, Superior Court Judge, concur.

NOTE: The Honorable FRANCIS J. DONOFRIO having requested that he be relieved from the consideration of this matter, The Honorable ROBERT E. McGHEE, a Judge of the Superior Court, was called to sit in his stead.